**FILED**

**MAR - 9 2010**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL A. RANGALAW, :
: 
        Plaintiff, :
:
v. : Civil Action No. **10 0384**
:
DEPARTMENT OF HOMELAND :
SECURITY, IMMIGRATION AND :
CUSTOMS ENFORCEMENT, :
:
        Defendant. :

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

While plaintiff was in the custody of Immigration and Customs Enforcement, he was transferred from the Hampton Roads Regional Jail to the Rappahannock Regional Jail. Because the Rappahannock Regional Jail did not accept detainees' property, plaintiff's property was taken to ICE's Washington Field Office for storage. According to plaintiff, ICE has lost his property, and he now demands compensation.

It appears that plaintiff's sole means of recovery comes under the Federal Tort Claims Act ("FCTA"), *see* 28 U.S.C. § 1346(b)(1). The FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) (requiring claimant to present claim "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

employment . . . to the appropriate Federal agency" from which written notice of the denial of the claim has been forwarded to the claimant before a suit may be filed). It does not appear that plaintiff has exhausted of his administrative remedies by having presented his claim first to the appropriate agency and, absent exhaustion, this Court lacks subject matter jurisdiction. *See McNeil*, 508 U.S. at 113.

The Court will dismiss this action for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/ Henry H. Kennedy, Jr.
United States District Judge

DATE: 2/2/10
       2/20/2010